PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* CARLOS CASTILLO JUARBE, Defendant and Appellant.

No. 4898.   Argued November 15, 1933.—Decided December 6, 1933.

*Luis Tirado Géigel* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Carlos Castillo Juarbe was convicted of having violated the Motor Vehicle Act in that he failed to sound his claxon in time to prevent, so it may be said, an injury to the person of Gabriel Blanco. There were only two witnesses of the prosecution. The evidence of the two witnesses of the prosecution was in part conflicting. The unquestioned fact in this case is that Blanco was struck by the automobile and that after the accident his legs were found under the wheels. The said two witnesses do not make it clear when and how he was struck.

The accident took place on San Justo Street, between Salvador Brau and Allen Streets. We shall take judicial notice that there is a heavy amount of traffic through this particular spot; that cars are generally parked on the east side of the street; that the space left for an automobile to pass is very limited, so that a driver will come close to the sidewalk on the west side. The evidence tended to show that Gabriel Blanco was walking on the west side of the street; that he tried to pass a group of people in front of him; that on trying to pass he was struck by the automobile. He denied that he descended into the street but said that the automobile came up on the sidewalk. From the evidence we infer rather definitely that the automobile did not come up on the sidewalk. There is no evidence that the automobile actually overlapped into the sidewalk.

In *Aguayo* v. *Municipality of San Juan,* 35 P.R.R. 390, we said:

"With respect to the duty to give warning we hold as a matter of law that a driver of an automobile is under no duty to blow his horn continuously in driving through the streets of a populous city unless to warn people who are in sight or who are attempting to cross and similarly as to vehicles. Generally between crossings it is some-

thing of a nuisance continuously to blow a horn unless to warn somebody who is in sight on the street or gives signs of an intention to cross.''

Of course, as the *Fiscal* points out, a driver should blow his horn when danger to another is apparent, as was said or indicated in the cited case. We find no evidence that Carlos Castillo Juarbe saw any peril to Blanco. We can not hold that it was within the prevision of the defendant that anybody would suddenly interpose himself in front of the automobile. The whole case tends to show that the accident was an inevitable one, at least so far as the defendant was concerned. Any doubt as to whether an occasion arose for the defendant to blow his horn must be resolved in his favor. The facts show that in going towards Allen Street, Blanco, instead of going around the group to the right, attempted to pass to the left nearer the street and undoubtedly must have descended into the street suddenly.

The judgment should be reversed and the defendant discharged.